**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKTOA**

**CENTRAL DIVISION**



FILED
AUG 3 1 2009
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 09-30053-CBK |
| Plaintiff, | |
| -vs- | ADDENDUM TO REPORT AND RECOMMENDATION |
| ANTONIO DIAZ LEFT HAND BULL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On August 28, 2009, the Court issued its Report and Recommendation for disposition of Defendant, Antonio Diaz Left Hand Bull's Motion to Suppress Statements and Evidence. The Court recommended that Defendant's Motion be granted in part and denied in part. In doing so, the Court concluded that Defendant's March 8, 2009 statements to Officer Iver Crow Eagle should be suppressed because they were obtained in violation of Miranda. The Court, however, did not determine whether these statements were admissible as impeachment evidence in the event Defendant testifies at trial.

While statements obtained in violation of Miranda may not be introduced as part of the prosecution's case in chief, such statements may be admissible as impeachment if they are voluntary. See Harris v. New York, 401 U.S. 222 (1971); see also Oregon v. Hass, 420 U.S. 714 (1975). To be admissible, the statements must be voluntary, that is,

they cannot be the product of coercion, express or implied. See Mincey v. Arizona, 437 U.S. 385 (1978).

Although implicit in its recommendation concerning admissibility of Defendant's clothing and its analysis of the same under United States v. Patane, 542 U.S. 630 (2004), the Court nonetheless now wants to make clear that the facts surrounding Crow Eagle's questioning of Defendant do not demonstrate that Defendant's will and capacity for self-determination were overborne so as to make his statements involuntary. This being the case, it is recommended that these statements, while not admissible as substantive evidence, may be admitted and used as impeachment when and if Defendant takes the witness stand at trial.

Dated this 31st day of August, 2009, at Pierre, South Dakota.

**BY THE COURT:**

_/s/ Mark A. Moreno_
_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _/s/_ _____
           Deputy
(SEAL)

NOTICE

Failure to file written objections to the within and foregoing Addendum to Report and Recommendation within ten (10) days from the date of service shall bar an aggrieved party from attaching such Addendum before the assigned United States District Judge. See 28 U.S.C. § 636(b)(1).